# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4396-18

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

G.L.,

      Defendant-Appellant.

_____

Submitted February 24, 2021 – Decided May 6, 2021

Before Judges Alvarez and Sumners.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 13-05-1094.

Joseph E. Krakora, Public Defender, attorney for appellant (Phuong V. Dao, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Emily M. M. Pirro, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

The question before us is whether the post-conviction relief (PCR) court erred in not vacating defendant G.L's[1] guilty plea to second-degree sexual assault, N.J.S.A. 14-2(b), without an evidentiary hearing. We agree that the court properly dismissed defendant's claim that trial counsel failed to file a motion to suppress defendant's statement to the police. We, however, reverse and remand for an evidentiary hearing to determine if defendant's plea was involuntary because counsel pressured defendant into pleading guilty during the plea colloquy.[2]

On March 17, 2013, defendant, almost seventy-five years old at the time, kissed his six-year-old grand-niece, over her clothes, on her vagina. In a subsequent investigation, defendant gave a statement to the East Orange police. Despite its relevance to this appeal, the statement is not included in the record. It was, however, presented to the PCR court, which determined that "[d]efendant knowingly, voluntarily and intelligently waived his Miranda[3] rights and agreed

---

[1] We use initials to protect the privacy of the victim and preserve the confidentiality of these proceedings. N.J.S.A. 2A:82-46(a); R. 1:38-3(c)(9).

[2] Defendant also alleged that counsel was ineffective because he failed to review discovery and properly prepare for trial. The PCR court's rejection of these claims is not the subject of this appeal.

[3] Miranda v. Arizona, 384 U.S. 436, 477 (1966).

A-4396-18

to give a statement in which he proceeded to confess to the incident."  Defendant denies he told police "that he kissed his [grand-niece] for sexual gratification[]."

Defendant was indicted on May 13, 2013, with two counts of second-degree sexual assault, N.J.S.A. 2C:14-2(b); three counts of second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a); and first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1).

On July 8, 2013, defendant pled guilty to second-degree sexual assault, and in exchange, the State agreed to dismiss all other charges and recommend a sentence one degree lower – a prison term of three years with an eighty-five percent parole disqualifier.  The details of defendant's challenged plea allocution will be addressed below.

Defendant was sentenced in accordance with his plea agreement almost four months later.  He did not file a direct appeal but filed a petition for PCR.

II

In denying defendant's PCR claim that trial counsel was ineffective for failing to file a motion to suppress his statement to the police, the court correctly applied the well-settled two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987).  A defendant must first show "that counsel made errors so

A-4396-18

serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment[,]" Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687); and second, it must be proven that prejudice was suffered due to counsel's deficient performance, Strickland, 466 U.S. at 687, 691-92.  A court reviewing a PCR petition based on ineffective assistance has the discretion to grant an evidentiary hearing if a defendant establishes a prima facie showing in support of the requested relief.  State v. Preciose, 129 N.J. 451, 462 (1992).

In its written decision, the PCR court found that based upon its review of the statement, a suppression motion would not have been successful, and thus, a prima facie case of ineffective assistance had not been proven.  The court reasoned:

> Defendant's brief[] . . . does not cite to anything in the record supporting his bare assertion he did not voluntarily waive his right to remain silent, or that portions of his statement were coerced.  The record clearly demonstrates [d]efendant did in fact waive his Miranda warnings prior to providing the confession to members of the East Orange Police Department.

Our review of the record substantiates the court's ruling.  See State v. O'Neal, 190 N.J. 601, 618-19 (2007) (noting that to satisfy the Strickland standard when an ineffective assistance of counsel claim is based on the failure to file a suppression motion, a defendant must establish that the motion had merit).

4

We, however, are troubled by counsel's directions to defendant during his plea allocution.[4] Defendant contends he did not plead guilty voluntarily and knowingly because trial counsel pressured him during his allocution to plead guilty.

The plea transcript provides:

> [The Court:] [G.L.] . . . , please concentrate on my words. When you were at the police station, I believe your lawyer showed you page 11 of the transcript when you were talking to the [d]etectives. Isn't it true you told the [d]etectives that you kissed the vagina of your grand[-]niece or grand[-]daughter. And that when you did that kiss[,] it was for your sexual gratification.
>
> [The Defendant:] No.
>
> [Trial Counsel]: <u>You have to say yes</u>.
>
> The [Defendant]: <u>Yes</u>.
>
> The Court: Yes? Okay. Anything else, Mr. Prosecutor.
>
> [(Emphasis added).]

This was followed by:

> [The Defendant:] I told the police that I took her out and that I did kiss her, but not as a sexual emotion – not sexual.

---

4 Defendant's plea was entered with the aid of a Spanish interpreter.

[Prosecutor]: Judge, I'm going to ask that we break out the transcripts so that he can see exactly what he said to the law officers.

[Trial Counsel]: Mr. Lopez, you didn't have sex with [your grand-niece], but you were kissing her on her vagina. It's considered a sexual [sic]. Do you understand that?

The Defendant: It was on top of her clothes.

[Trial Counsel]: Okay, I understand. Kissing her over the clothes. Okay, we have discussed this, all right? Where you're getting a three[-year prison term].

The Defendant: Yes, sir.

Next:

[Prosecutor]: And therefore you admit that you did this for your sexual gratification; correct?

Defendant: <u>No, I mean just doing it non-sexually, but as a grandfather in endearing</u> –

The Court: All right, we're going to –

[Trial Counsel]: <u>You have to say yes</u>.

The Defendant: (In English) <u>Yes, yes, yes</u>.

[Trial Counsel]: Judge, [G.L.] didn't understand the question.

. . . .

A-4396-18

[The Prosecutor]: Therefore[,] you understand that you did kiss her on the vagina over her clothes for your own sexual gratification; correct?

. . . .

The Defendant: Yes, in Spanish.

[(Emphasis added).]

In rejecting defendant's contention that counsel pressured him to plead guilty, the PCR court ruled: "Trial [c]ounsel was merely directing [d]efendant to answer pursuant to the plea agreement. This does not show [t]rial [c]ounsel pressured him into entering a guilty plea, but rather, [was] informing [d]efendant that as a consequence of his decision to plead guilty, he must answer yes." The court found there was "no 'reasonable probability that, but for' [t]rial [c]ounsel's alleged errors, he would not have pled guilty or been sentenced to three years in . . . [p]rison."

To sustain a plea to a criminal offense, the plea colloquy must address "each element of the offense." State v. Campfield, 213 N.J. 218, 231 (2013) (citations omitted). "The factual foundation may take one of two forms; defendant may either explicitly admit guilt with respect to the elements or may 'acknowledge[] . . . facts constituting the essential elements of the crime.'" Ibid. (alterations in original) (quoting State v. Sainz, 107 N.J. 283, 293 (1987)). Thus,

"[t]he judge's leading questions may be necessary to ensure an adequate factual basis for the guilty plea." Ibid. (citation omitted). The validity of a defendant's guilty plea is based upon the voluntariness of his statement to the plea court. State v. Johnson, 182 N.J. 232, 236 (2005) (citing R. 3:9-2).

The PCR court's analysis of defendant's guilty plea improperly emphasizes his statement to the police to confirm his guilt without accurately evaluating defendant's plea colloquy. Based on counsel's direction to defendant to say "yes" to the questions regarding whether his conduct was for sexual gratification, we conclude there is a prima facie case of ineffectiveness because his plea to second-degree sexual assault was involuntary or coerced.

Clearly, the offense to be pled to – a seventy-five-year-old uncle sexually gratifying himself by kissing the vagina of his six-year-old grand-niece – is extremely degrading and embarrassing. Nevertheless, counsel cannot blatantly tell defendant how to answer the sensitive questions he was asked during his plea allocution. Defendant's PCR supplemental certification stated that he was innocent of the charges, claiming he answered the plea allocution questions as counsel directed because he did not understand them. An evidentiary hearing is necessary to determine the veracity of his allegations. Moreover, because defendant accuses counsel of ineffective assistance, counsel is free to testify

8

A-4396-18

regarding the discussions she had with him that might explain her reasons for the plea allocution directions.

Affirmed in part and reversed and remanded in part for an evidentiary hearing consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION